■ PEOPLES COMMERCIAL BANK, Respondent, v JERRY GREENE DISTRIBUTING, INC., et al., Defendants, and SANTOS BEVERAGES, INC., Appellant.—Harvey, J. Appeal from an order and judgment of the Supreme Court (Prior, Jr., J.), entered May 4, 1988 in Albany County, upon a decision of the court, without a jury, in favor of plaintiff against defendant Santos Beverages, Inc.

Plaintiff commenced this action seeking the return of funds it mistakenly advanced to one of its banking customers, defendant Jerry Greene Distributing, Inc. (hereinafter Greene), a wholesale beer distributor. During the years 1983 and 1984, plaintiff, on Greene's behalf, received wire transfers of money from customers to whom Greene sold beer and credited those amounts to Greene's account. Greene would then ship the beer to the customer. One of Greene's customers was defendant Santos Beverages, Inc. (hereinafter Santos). The instant confusion came about in February 1984 when Santos ordered two loads of beer from Greene at the agreed price of $33,600 to be paid by wire transfer in advance of delivery. Greene advised plaintiff that the wire was expected and told it to so inform it when the wire arrived. Instead of waiting for the wire, one of plaintiff's employees mistakenly credited Greene's account with the money even though no money from Santos was ever received. Believing it had been sent, however, Greene sent the two loads of beer to Santos which allegedly accepted them.

When plaintiff learned of its error it made a demand upon Greene for the return of $33,600 along with another amount that was in dispute. This demand was refused. Plaintiff commenced this action seeking the return of funds from Greene and also claiming unjust enrichment against Santos. After completing discovery procedures, plaintiff decided to proceed against Santos only and submitted proof of the allegations of the amended complaint designated "eleventh cause of action" and "twelfth cause of action". The case was tried before the

court, without a jury, and the court found in favor of plaintiff in the sum of $33,600 plus interest. This appeal by Santos followed.

Santos contends on this appeal that the decision should be reversed and the complaint dismissed because of laches, illegality and denial of due process. None of these defenses were alleged in Santos' verified answer. In fact, Santos' defense consisted of allegations that it had completely performed the contract with Greene including making payment. At trial, Santos claimed that it made no payments on the contract because it never received the deliveries. We conclude that Santos has waived these three defenses by failing to either allege them as affirmative defenses in its answer or advance them in a CPLR 3211 motion to dismiss within the answering time. It would be improper for us to consider issues raised for the first time on this appeal (see, Collucci v Collucci, 58 NY2d 834, 837; see also, 4 NY Jur 2d, Appellate Review, § 115, at 182-185). An examination of the record contains nothing to persuade us to consider such issues in the interest of justice.

We find no error in allowing plaintiff to recover its claim directly through Santos rather than insisting that plaintiff first recover from Greene, which would then commence an action against Santos. In general, when an agent mistakenly discharges an obligation owed to its principal, the agent may be subrogated to the rights of the principal against the third party (see, 23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 36, at 57; see also, 23 NY Jur 2d, Contributions, Indemnity, and Subrogation, § 34, at 55). In this case, plaintiff mistakenly discharged Santos' debt to Greene and, therefore, plaintiff was entitled to be subrogated to the rights of Greene against Santos, even though there was no privity between the parties (see, Catskill Natl. Bank v Dumary, 206 NY 550, 559).

The remaining arguments of Santos have been examined and have been found to be without merit.

Order and judgment affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.