■ LUDMILA TATARINOVA et al., Appellants, v KENNETH JAMES BOO, JR., et al., Respondents. [989 NYS2d 334]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 3, 2013, which denied their motion to vacate a prior order of the same court dated December 1, 2011, granting the defendants' motion for sum-

mary judgment dismissing the complaint on the ground that the plaintiff Ludmilla Tatarinova did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), upon their failure to oppose the defendants' motion.

Ordered that the order dated January 3, 2013, is affirmed, with costs.

A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Santos v Penske Truck Leasing Co.*, 105 AD3d 1029 [2013]; *Political Mktg., Int'l, Inc. v Jaliman*, 67 AD3d 661, 661-662 [2009]). "A motion to vacate a default is addressed to the sound discretion of the court" (*Vujanic v Petrovic*, 103 AD3d 791, 792 [2013]). Here, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to vacate their default based on their failure to make the requisite showing. Mastro, J.P., Hall, Lott, Austin and Duffy, JJ., concur.