■ Samuel Suede, Appellant, v Irving Suede, Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff-Respondent,

IRVING I SUEDE REVOCABLE LIVING TRUST, Respondent, and IMS REALTY CORPORATION, Defendant/Third-Party Plaintiff-Respondent. PALONE BROTHERS, Third-Party Defendant-Respondent; NATALIE SUEDE, Second Third-Party Defendant-Respondent. [2 NYS3d 566]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Bayne, J.), entered January 17, 2013, which, inter alia, "dismissed" the complaint, all cross claims, and all counterclaims insofar as asserted against the third-party defendant Palone Brothers, and (2) a judgment of the same court entered September 24, 2013, which, upon an order of the same court dated October 12, 2012, denying his motion to vacate an order of the same court dated July 13, 2012, granting the defendants' unopposed motion pursuant to CPLR 3126, inter alia, to dismiss the complaint, is in favor of the defendants and against him dismissing the complaint in its entirety.

Ordered that the judgments are reversed, on the law and in the exercise of discretion, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the plaintiff's motion to vacate the order dated July 13, 2012, is granted, the order dated October 12, 2012, is modified accordingly, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the defendants' motion pursuant to CPLR 3126, inter alia, to dismiss the complaint after the plaintiff, should he be so advised, submits papers in opposition to that motion.

The plaintiff commenced this action against Irving Suede, Irving I Suede Revocable Living Trust and IMS Realty Corporation (hereinafter collectively the defendants), to recover damages for personal injuries. Irving Suede and IMS Realty Corporation commenced a third-party action against Palone Brothers (hereinafter Palone), and Irving Suede commenced a second third-party action against Natalie Suede.

The defendants thereafter moved pursuant to CPLR 3126, inter alia, to dismiss the complaint, based upon the plaintiff's alleged failure to provide requested discovery. The motion was adjourned twice, due to difficulties in the relationship between the plaintiff and his counsel. The day before the final adjourned date of the motion, the plaintiff's counsel moved to be relieved and, the following day, requested that the return date of the defendants' motion, for which no opposition had yet been submitted, be adjourned until the return date of the motion to be

relieved. That request was denied, and, in an order dated July 13, 2012, the Supreme Court granted that branch of the defendants' motion which was to dismiss the complaint. The plaintiff subsequently moved to vacate his default in opposing the defendants' motion, which was denied in an order dated October 12, 2012.

On January 17, 2013, the Supreme Court entered a judgment providing that the complaint, all cross claims, and all counterclaims "are hereby dismissed as against . . . Palone" in connection with the main action. On September 24, 2013, the Supreme Court entered a judgment dismissing the complaint in its entirety.

Since the complaint was not asserted against Palone, and because there were no counterclaims or cross claims asserted against it in connection with the main action, we must reverse the judgment entered January 17, 2013, purporting to dismiss the complaint and all counterclaims and cross claims insofar as asserted against Palone in connection with the main action.

With respect to the plaintiff's appeal from the judgment entered September 24, 2013, " '[i]n order to vacate a default in opposing a motion pursuant to CPLR 5015 (a) (1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion' " (*Aurora Loan Servs., LLC v Ahmed*, 122 AD3d 557, 557-558 [2014], quoting *Delvalle v Mercedes Benz USA, LLC*, 117 AD3d 893, 893 [2014]; *see Starakis v Baker*, 121 AD3d 669 [2014]; *Tatarinova v Boo*, 119 AD3d 771 [2014]).

Under the particular circumstances of this case, the plaintiff demonstrated a reasonable excuse for his failure to oppose the defendants' motion pursuant to CPLR 3126 to dismiss the complaint. "Whether a proffered excuse is 'reasonable' is a 'sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits' " (*Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013], quoting *Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]; *see Oller v Liberty Lines Tr., Inc.*, 111 AD3d 903, 904 [2013]).

Here, the delay attributable to the plaintiff was not extremely long and, more importantly, was not caused by the plaintiff's mere neglect of the case (*see Matter of Morales v Marma*, 88 AD3d 722, 723 [2011]; *cf. Ogunmoyin v 1515 Broadway Fee Owner, LLC*, 85 AD3d 991, 992 [2011]). Nor was the default willful (*see Matter of Dos Santos v Dos Santos*, 76 AD3d 1013,

1015 [2010]). Rather, the default was occasioned by a conflict that developed between the plaintiff and his counsel. The plaintiff did not fail to appear on the return date of the motion or manifest an intent to default or abandon his action (*see White v Incorporated Vil. of Hempstead*, 41 AD3d 709, 710 [2007]). Instead, the plaintiff's counsel appeared on the plaintiff's behalf and reasonably asked for a short adjournment until the return date of the pending motion to be relieved as counsel. Moreover, there is no significant prejudice to the defendants (*see Franco Belli Plumbing & Heating & Sons, Inc. v Imperial Dev. & Constr. Corp.*, 45 AD3d 634, 636 [2007]; *Hospital for Joint Diseases v ELRAC, Inc.*, 11 AD3d 432, 433 [2004]). Under these circumstances, the Supreme Court should have accepted the plaintiff's excuse for his default (*see Hogan v Schwartz*, 119 AD3d 650 [2014]; *see also Matter of Morales v Marma*, 88 AD3d 722, 723 [2011]; *Matter of Dos Santos v Dos Santos*, 76 AD3d at 1015; *Matter of Lee v Morgan*, 67 AD3d 681, 682 [2009]).

Additionally, the plaintiff demonstrated a potentially meritorious opposition to the motion (*see Delarosa v Besser Co.*, 86 AD3d 588, 589 [2011]; *LOP Dev., LLC v ZHL Group, Inc.*, 78 AD3d 1020, 1021 [2010]; *Myung Sum Suh v Jung Ja Kim*, 51 AD3d 883 [2008]; *Manko v Lenox Hill Hosp.*, 44 AD3d 1014 [2007]).

The parties' remaining contentions are either not properly before this Court or without merit.

Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the order dated July 13, 2012, inter alia, directing the dismissal of his complaint. Rivera, J.P., Skelos, Roman and Miller, JJ., concur.