■ HENRY BRINSON, Appellant, v CURTIS POD et al., Respondents. [12 NYS3d 201]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Bartlett, J.), dated December 17, 2013, which granted that branch of the unopposed motion of the defendants Kristen Smith, also known as Kristen Barone, Mark Barone, and Virginia Barone which was pursuant to CPLR 3126 to preclude him from introducing, at trial, evidence of his injuries based upon his failure to appear at a physical examination, and thereupon directed the dismissal of the complaint, and (2) an order of the same court dated April 9, 2014, which denied his motion pursuant to CPLR 5015 (a) (1) to vacate the order dated December 17, 2013, and to thereupon (a) deny the motion of the defendants Kristen Smith, also known as Kristen Barone, Mark Barone, and Virginia Barone pursuant to CPLR 3126 to preclude him from introducing, at trial, evidence of his injuries or, in the alternative, pursuant to CPLR 3124 to compel a physical examination of him, and (b) restore the action to the pre-note of issue calendar.

Ordered that the appeal from the order dated December 17, 2013, is dismissed, as no appeal lies from an order entered upon the default of an appealing party (*see* CPLR 5511); and it is further,

Ordered that the order dated April 9, 2014, is reversed, on

the facts and in the exercise of discretion, those branches of the plaintiff's motion which were pursuant to CPLR 5015 (a) (1) to vacate the order dated December 17, 2013, and to thereupon (a) deny that branch of the motion of the defendants Kristen Smith, also known as Kristen Barone, Mark Barone, and Virginia Barone which was pursuant to CPLR 3126 to preclude him from introducing, at trial, evidence of his injuries, and (b) restore the action to the pre-note of issue calendar, are granted, the order dated December 17, 2013, is vacated, and the matter is remitted to the Supreme Court, Orange County, for a determination, on the merits, of that branch of the motion of the defendants Kristen Smith, also known as Kristen Barone, Mark Barone, and Virginia Barone which was pursuant to CPLR 3124 to compel a physical examination of the plaintiff in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On May 18, 2011, the plaintiff allegedly was injured when ceiling tiles in the apartment in which he resided fell on his head. The defendants Kristen Smith, also known as Kristen Barone, Mark Barone, and Virginia Barone (hereinafter collectively the Barone defendants) owned the apartment where the accident occurred. The defendant Curtis Pod owned the upstairs unit. The defendant Horizon Hill Condominiums owned the common areas of the condominium complex in which the apartment was situated, and the defendant River Management was the management company responsible for the maintenance and upkeep of the complex. The plaintiff commenced this action to recover damages for personal injuries against the Barone defendants, Pod, Horizon Hill Condominiums, and River Management. The plaintiff was incarcerated at the time that he commenced this action.

On January 16, 2013, the Supreme Court issued an order which directed the plaintiff to provide, by March 6, 2013, the name and address of the facility in which he was imprisoned and the written rules and regulations of that facility, so that the defendants could conduct a physical examination and a deposition of him. This order was faxed to counsel, but not entered in the appropriate clerk's office. In May 2013, the plaintiff was deposed at the United States Penitentiary in Canaan, Pennsylvania. Thereafter, in August 2013, a paralegal, writing on behalf of the plaintiff's counsel, sent a letter to the defendants' attorneys, advising them that the plaintiff had been transferred to Federal Correctional Institution Elkton, in Lisbon, Ohio, and that any requests to conduct a physical examination of the plaintiff had to be sent to the attention of

Jason Hayes, the unit manager at that facility, at the address provided. The Barone defendants, through a third party, nonetheless scheduled a physical examination of the plaintiff to be conducted by an orthopedist in Newburgh, New York, on October 10, 2013. The paralegal for the plaintiff's counsel thereafter faxed a letter to counsel for the Barone defendants, reminding them that the plaintiff was incarcerated in Ohio. The Barone defendants, through the same third party, nevertheless rescheduled the physical examination with the orthopedist at the same location in Newburgh for October 24, 2013. In response, the paralegal for the plaintiff's counsel again reminded counsel for the Barone defendants that the plaintiff was incarcerated in Ohio, and requested counsel to arrange for him to be examined at that facility.

On October 24, 2013, the Barone defendants sent a letter to the Supreme Court, requesting permission to make a motion with respect to the plaintiff's failure to appear for a physical examination, or for additional time within which to conduct the examination. In response, the plaintiff's counsel advised the Supreme Court that the defendants had been made aware that the plaintiff would not be able to attend a medical examination in Newburgh by virtue of his incarceration, and that the defendants had been provided with the name and address of the person at the federal correctional institution to whom requests for a medical examination of the plaintiff should be directed. With the Supreme Court's permission, the Barone defendants then moved pursuant to CPLR 3126 to preclude the plaintiff from presenting evidence relating to damages at trial for his failure to appear for a physical examination or, in the alternative, pursuant to CPLR 3124 directing the plaintiff to comply with the demand for a physical examination. The plaintiff's opposition to the Barone defendants' motion was sent to the Orange County Clerk for filing, along with a request that the original be forwarded to the Justice assigned in the Supreme Court.

Since the plaintiff's opposition to the Barone defendants' motion was submitted to the County Clerk rather than directly to chambers of the Justice assigned to the action, it was not timely received or considered by the Supreme Court in determining that motion. In an order dated December 17, 2013, the Supreme Court granted, as unopposed, that branch of the Barone defendants' motion which was to preclude the plaintiff from adducing evidence of his injuries at trial, and directed the dismissal of the complaint. It found that the plaintiff failed to comply with the order dated January 16, 2013.

On February 7, 2014, Pod's attorney served the plaintiff by mail with a copy of the order dated December 17, 2013, with notice of its entry. Thereafter, by notice of motion dated March 6, 2014, the plaintiff moved pursuant to CPLR 5015 (a) (1) to vacate the order dated December 17, 2013, and to thereupon deny the Barone defendants' motion pursuant to CPLR 3126 and 3124, and restore the action to the pre-note of issue calendar. In support of his motion, the plaintiff, in an affidavit, acknowledged that his papers in opposition to the Barone defendants' motion pursuant to CPLR 3126 and 3124, while timely served upon all of the defendants, had been incorrectly filed in the office of the County Clerk, rather than with the chambers of the Justice assigned to the case, as required by the Individual Part Rules of that Justice. He also explained that he was no longer imprisoned, and could now attend a physical examination in New York. Horizon Hill Condominiums and River Management (hereinafter together the Horizon Hill defendants) and Pod opposed the plaintiff's motion, while the Barone defendants did not submit opposition. In an order dated April 9, 2014, the Supreme Court denied the plaintiff's motion in its entirety.

The plaintiff appeals from both the order dated December 17, 2013, and the order dated April 9, 2014.

The plaintiff's appeal from the order dated December 17, 2013, must be dismissed, as no appeal lies from an order entered upon the default of the appealing party (*see* CPLR 5511; *Matter of Renner v Costigan*, 123 AD3d 834, 834 [2014]). We note that, in any event, the appeal from that order has been rendered academic in light of our determination on the appeal from the order dated April 9, 2014.

The Supreme Court improvidently exercised its discretion in denying those branches of the plaintiff's motion which were to vacate the order dated December 17, 2013, and thereupon to deny that branch of the Barone defendants' motion which was to preclude him from adducing evidence of his injuries at trial and restore this action to the pre-note of issue calendar. To vacate the order dated December 17, 2013, which was entered upon his default in opposing the Barone defendants' motion, the plaintiff was required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Oller v Liberty Lines Tr., Inc.*, 111 AD3d 903, 904 [2013]; *Schenk v Staten Is. Univ. Hosp.*, 108 AD3d 661, 662 [2013]; *Smyth v Getty Petroleum Mktg., Inc.*, 103 AD3d 790, 790 [2013]; *Infante v Breslin Realty Dev. Corp.*, 95 AD3d 1075, 1076 [2012]). "Whether a proffered excuse

is 'reasonable' is a 'sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits' " (*Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013], quoting *Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]; *see Lyubomirsky v Lubov Arulin, PLLC*, 125 AD3d 614 [2015]; *Oller v Liberty Lines Tr., Inc.*, 111 AD3d at 904). CPLR 2005 provides that the court may consider documented law office failure as a reasonable excuse (*see Dorio v County of Suffolk*, 58 AD3d 594, 595 [2009]; *Moore v Day*, 55 AD3d 803, 804 [2008]).

Here, the plaintiff had a reasonable excuse for failing to file papers with the Supreme Court in opposition to the Barone defendants' motion. While the plaintiff's counsel failed to follow the Individual Part Rules of the Justice assigned to this matter with respect to the filing of papers, the plaintiff's counsel did timely serve the opposition papers upon the other parties, and the mistake with respect to the filing of the papers was inadvertent. Further, there is no evidence that the plaintiff's default was willful, the plaintiff expeditiously moved to vacate the default subsequent to receiving notice of entry of the order dated December 17, 2013, and there is no evidence in the record that the plaintiff intended to abandon this action or that the defendants were prejudiced by the delay in examining the plaintiff. Moreover, the plaintiff demonstrated that he had a potentially meritorious opposition to the Barone defendants' motion. Accordingly, the order dated December 17, 2013, which was entered upon the plaintiff's default, should have been vacated.

Furthermore, upon vacating the order dated December 17, 2013, the Supreme Court should have denied that branch of the Barone defendants' motion which was pursuant to CPLR 3126 to preclude the plaintiff from adducing evidence of his injuries at trial. Before a court invokes the drastic remedy of precluding evidence, there must be a clear showing that the failure to comply with discovery demands or court-ordered discovery was willful and contumacious (*see Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]; *Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]). Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended period of time (*see Arpino v F.J.F. & Sons Elec. Co.,*

*Inc.*, 102 AD3d at 210; *Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922, 924 [2012]; *Dokaj v Ruxton Tower Ltd. Partnership*, 91 AD3d 812, 814 [2012]; *Commisso v Orshan*, 85 AD3d 845, 845 [2011]). The requests made on behalf of the Barone defendants that the plaintiff appear in New York for a physical examination were futile, given that the plaintiff was then incarcerated in Ohio. Further, there is no evidence that any of the defendants ever attempted to act upon the information provided by the plaintiff by contacting the correctional facility in Ohio to schedule a physical examination. Thus, the Supreme Court improvidently exercised its discretion in granting that branch of the Barone defendants' motion which was pursuant to CPLR 3126 to preclude the plaintiff from adducing evidence of his injuries at trial, and thereupon directing the dismissal of the complaint, since the plaintiff's conduct was not shown to be willful and contumacious (*see Obrenski v Tushinsky*, 63 AD2d 695, 695 [1978]).

Accordingly, the order dated December 17, 2013, should have been vacated, the Barone defendants' motion pursuant to CPLR 3126 to preclude the plaintiff from adducing evidence of his injuries at trial should have been denied, and the matter should have been restored to the pre-note of issue calendar.

Since that branch of the Barone defendants' motion which was pursuant to CPLR 3124 to compel the plaintiff to submit to a physical examination remains pending an undecided, we remit the matter to the Supreme Court, Orange County, to determine that branch of the motion on the merits. In making its determination, the court shall consider the opposition papers initially served by the plaintiff upon the defendants, and any additional papers it shall permit the parties to serve and file. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.