■ GANNA KRAMARENKO, as Administrator of the Estate of IOSIF KUMYSH, Deceased, et al., Appellants, v NEW YORK COMMUNITY HOSPITAL et al., Respondents. [20 NYS3d 635]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Knipel, J.), dated May 31, 2013, which denied their motion to vacate a prior order of the same court dated November 15, 2012, granting the motion of the defendants Yury Zamdborg and Ilya Bilik, the separate motion of the defendants New York Community Hospital and Hassan Farhat, and the separate motion of the defendants Metropolitan Jewish Home Care, Inc., Metropolitan Jewish Health System, Home First, Inc., and Beth Israel Medical Center pursuant to CPLR 3126, inter alia, to strike the complaint for failure to comply with court-ordered discovery, and, in effect, denying the plaintiffs' cross motion, inter alia, pursuant to CPLR 3126, to strike the answers, upon the plaintiffs' failure to appear at oral argument, and (2) a judgment of the same court dated September 4, 2013, which, upon the order dated May 31, 2013, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from the order dated May 31, 2013, is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and in

the exercise of discretion, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the plaintiffs' motion to vacate the order dated November 15, 2012, is granted, the order dated May 31, 2013, is modified accordingly, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for oral argument and a new determination of the defendants' separate motions pursuant to CPLR 3126, inter alia, to strike the complaint, and the plaintiffs' cross motion, inter alia, to strike the answers.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Ganna Kramarenko, as administrator of the estate of Iosif Kumysh (hereinafter the decedent), together with the other plaintiffs, commenced this action on behalf of the decedent and themselves to recover damages for medical malpractice, negligence, and violations of the Public Health Law. Thereafter, the defendants moved pursuant to CPLR 3126, inter alia, to strike the complaint based upon the plaintiffs' alleged failure to comply with court-ordered disclosure. In particular, the defendants contended that the plaintiffs failed to provide certain outstanding authorizations to obtain medical records and appear for depositions by a court-ordered deadline. They also asserted that the supplemental bills of particulars which were belatedly served by the plaintiffs failed to detail the specific acts of negligence attributable to each defendant. The plaintiffs submitted papers in opposition to the defendants' respective motions and cross-moved, inter alia, pursuant to CPLR 3126 to strike the defendants' answers.

Oral argument on the motions and the cross motion was scheduled for November 15, 2012. According to the plaintiffs' attorney, he was present in the courtroom on that date and was the only attorney in this case to answer the first calendar call. The plaintiffs' attorney then left the courtroom to argue a motion in an unrelated matter in a different courtroom. The plaintiffs' attorney was not present during the second calendar call and, when he returned, he learned that the court had granted the defendants' motions to dismiss the complaint. The plaintiffs subsequently moved to vacate the order, and that motion was denied in an order dated May 31, 2013. The Supreme Court subsequently entered a judgment dated September 4, 2013, dismissing the complaint.

To vacate the order dated November 15, 2012, which was entered upon the plaintiffs' failure to appear at oral argument, the plaintiffs were required to demonstrate a reasonable excuse for their default and a potentially meritorious opposition to the defendants' motions (*see Brinson v Pod*, 129 AD3d 1005, 1010 [2015]; *Cohen v Romanoff*, 83 AD3d 989 [2011]). We agree with the plaintiffs that the Supreme Court improvidently exercised its discretion in denying their motion to vacate the order dated November 15, 2012. "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (*Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013] [internal quotation marks omitted]; *see Brinson v Pod*, 129 AD3d 1005, 1008-1009 [2015]; *Suede v Suede*, 124 AD3d 869, 871 [2015]). Here, the plaintiffs had a reasonable excuse for failing to appear at oral argument in opposition to the defendants' motions and in support of their own cross motion. The plaintiffs submitted papers which demonstrated a reasonable excuse for the failure of their counsel to appear during the second calendar call. Further, there is no evidence that the plaintiffs' default was willful, the plaintiffs expeditiously moved to vacate the default, and there was no evidence that the plaintiffs intended to abandon this action or that the defendants were prejudiced by the delay (*see Brinson v Pod*, 129 AD3d at 1009; *Suede v Suede*, 124 AD3d at 871-872; *Felsen v Stop & Shop Supermarket Co., LLC*, 83 AD3d 656, 657 [2011]).

Moreover, in support of their motion to vacate the order, the plaintiffs adequately demonstrated a potentially meritorious opposition to the defendants' motions to dismiss the complaint for noncompliance with court-ordered disclosure, and a potentially meritorious position on their cross motion (*see Brinson v Pod*, 129 AD3d at 1010; *Lyubomirsky v Lubov Arulin, PLLC*, 125 AD3d 614, 615 [2015]; *Suede v Suede*, 124 AD3d at 872). Accordingly, the Supreme Court should have granted the plaintiffs' motion to vacate the order dated November 15, 2012, and the underlying motions and cross motion should be decided by the Supreme Court on the merits following oral argument.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.