Mortgage Elec. Registration Sys., Inc. v Dort-Relus (2018 NY Slip Op 08122)





Mortgage Elec. Registration Sys., Inc. v Dort-Relus


2018 NY Slip Op 08122


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-10776
 (Index No. 1384/06)

[*1]Mortgage Electronic Registration Systems, Inc., respondent, 
v
Emile Dort-Relus, etc., et al., defendants, Pierre Lively, appellant.


C. Steve Okenwa, P.C., New York, NY, for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Richard A. Sillett of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Pierre Lively appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated July 28, 2016. The order, in effect, granted that branch of the plaintiff's motion which was to vacate an order of the same court dated December 3, 2015, granting that branch of that defendant's motion which was to vacate a judgment of foreclosure and sale dated November 15, 2006, entered upon the plaintiff's failure to appear at oral argument on the motion.
ORDERED that the order dated July 28, 2016, is affirmed, with costs.
In this action to foreclose a mortgage, the defendant Pierre Lively (hereinafter the defendant) moved in July 2015, inter alia, pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale dated November 15, 2006. By order dated December 3, 2015, the Supreme Court granted the motion, upon the plaintiff's failure to appear at oral argument on the motion. Thereafter, the plaintiff moved to vacate the order dated December 3, 2015, and to restore the defendant's motion to the motion calendar. By order dated July 28, 2016, the court, inter alia, granted that branch of the plaintiff's motion which was to vacate the order dated December 3, 2015. The defendant appeals.
A movant seeking to vacate an order entered upon its failure to appear at oral argument on a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787; Nunez v Olympic Fence & Railing Co., Inc., 138 AD3d 807, 808; Navarrete v Metro PCS, 137 AD3d 1230, 1231; Kramarenko v New York Community Hosp., 134 AD3d 770, 772).
Here, the plaintiff provided a reasonable excuse for its failure to appear for oral argument on the defendant's motion through the affirmations of its attorney and an outside attorney retained to appear on the motion. Both attorneys averred, based on their personal knowledge of the relevant facts, that the plaintiff never received notice that the return date for the motion, which had been adjourned to December 10, 2015, at the plaintiff's request, was later administratively [*2]rescheduled to December 3, 2015 (see McHenry v Miguel, 54 AD3d 912, 913-914; Hodges v Sidial, 48 AD3d 633, 634; Birky v Katsilogiannis, 37 AD3d 631, 632; Simmons v Pantoja, 306 AD2d 399, 400; Krebs v Cabrera, 250 AD2d 736, 737). The record establishes that the plaintiff moved expeditiously to vacate the default, and there was no evidence that the default was willful or that the defendant was prejudiced by the delay (see Hobbins v North Star Orthopedics, PLLC, 148 AD3d at 787; Nunez v Olympic Fence & Railing Co., Inc., 138 AD3d at 808; Kramarenko v New York Community Hosp., 134 AD3d at 772). Moreover, the plaintiff demonstrated that it had a potentially meritorious opposition to the defendant's motion (see Paul v Weatherwax, 146 AD3d 792, 793; Kramarenko v New York Community Hosp., 134 AD3d at 772).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to vacate the order dated December 3, 3015, entered upon its failure to appear at oral argument on the defendant's motion.
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court