Byvalets v State of New York (2019 NY Slip Op 03021)





Byvalets v State of New York


2019 NY Slip Op 03021


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-04012
 (Index No. 5717/16)

[*1]Marko Byvalets, appellant,
v
State of New York, respondent.


Marko Byvalets, Brooklyn, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Mark H. Shawhan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for the alleged unlawful acts of a Justice of the Supreme Court during certain divorce proceedings, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated March 15, 2017. The order denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court dated January 25, 2017, granting the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the complaint for lack of subject matter jurisdiction upon the plaintiff's failure to appear at oral argument, and to restore the action to the trial calendar.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for the alleged unlawful acts of a Justice of the Supreme Court during the plaintiff's divorce proceeding. The defendant made a pre-answer motion pursuant to CPLR 3211(a)(2) to dismiss the complaint for lack of subject matter jurisdiction. In an order dated January 25, 2017, the Supreme Court granted the defendant's motion upon the plaintiff's failure to appear at oral argument. The plaintiff then moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated Janaury 25, 2017, and to restore the action to the trial calendar. In an order dated March 15, 2017, the court denied the plaintiff's motion. The plaintiff appeals.
To vacate the order dated January 25, 2017, which was entered upon the plaintiff's failure to appear at oral argument on the defendant's motion, the plaintiff was required to demonstrate a reasonable excuse for his default and a potentially meritorious opposition to the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the complaint for lack of subject matter jurisdiction (see World O World Corp. v Anoufrieva, 163 AD3d 610, 611; Navarrete v Metro PCS, 137 AD3d 1230, 1231; Kramarenko v New York Community Hosp., 134 AD3d 770, 772). The plaintiff failed to demonstrate a potentially meritorious opposition to the defendant's motion. The Court of Claims has exclusive jurisdiction over actions for money damages against State agencies, departments, officials, and employees acting in their official capacity in the exercise of governmental functions (see Morell v Balasubramanian, 70 NY2d 297, 300; Schaffer v Evans, 57 NY2d 992, 994; Sinhogar v Parry, 53 NY2d 424, 431; Matter of Peterson v New York City Dept. of Envtl. Protection, 66 AD3d 1027, 1028; Dinerman v NYS Lottery, 58 AD3d 669). The claims in this case [*2]arise from acts performed, and determinations made, by a State official in the course of her official duty (see Dinerman v NYS Lottery, 58 AD3d at 669), and therefore, the Supreme Court has no jurisdiction over the plaintiff's action. Since the plaintiff failed to demonstrate a potentially meritorious opposition to the defendant's motion, we need not determine whether he demonstrated a reasonable excuse for his default.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court