Lakeview Affordable Housing, LLC, Respondent,
against
Oshun Turner, Appellant. 




Legal Services of Hudson Valley (Christopher F. Schweitzer of counsel), for appellant.
Rosenblum & Bianco, LLP (Tracy William Boshart of counsel), for respondent.

Appeal from an order of the City Court of White Plains, Westchester County (Jo Ann Friia, J.), entered January 8, 2019. The order, insofar as appealed from, granted tenant's motion to vacate a final judgment of that court entered June 22, 2018, upon tenant's failure to appear or answer the petition, awarding landlord possession and the sum of $9,466, only to the extent of reducing the final judgment's monetary award to the sum of $8,316, in a nonpayment proceeding.




ORDERED that the order, insofar as appealed from, is reversed, without costs, tenant's motion to vacate the default final judgment entered June 22, 2018 is granted, and the petition is dismissed.
In May 2018, landlord commenced this nonpayment summary proceeding to obtain possession of an apartment located in a project-based Section 8 building which is financed by the United States Department of Housing and Urban Development. The petition sought rent arrears for March 2017 through May 2018. A 10-day notice annexed to the petition purported to terminate the tenancy as of April 26, 2018 based on the nonpayment. After tenant failed to appear or submit an answer, a default final judgment was entered on June 22, 2018, awarding landlord possession and the sum of $9,466, as all rent due and owing through June 2018. On July 2, 2018, tenant moved, by a pro se order to show cause, to vacate the default final judgment. Tenant did not appear on the return date of July 10, 2018, allegedly due to medical problems, and the case was adjourned. On July 26, 2018, tenant filed a second pro se order to show cause to vacate the default final judgment. On July 27, 2018, the return date, tenant failed to appear timely, allegedly due to medical problems, but filed a third pro se order to show cause, which was denied that same day. On July 30, 2018, tenant, with counsel, filed a fourth order to show cause to vacate the default final judgment. After a hearing, the City Court granted tenant's [*2]motion to the extent of reducing the judgment's monetary award to the sum of $8,316. Tenant appeals.
Although tenant asserted lack of personal jurisdiction as a ground for vacating the default final judgment, we find that she submitted to the jurisdiction of the court when she sought to vacate the default final judgment in her initial orders to show cause without asserting lack of personal jurisdiction (see Parasconda v Club Mateem, Inc., 33 Misc 3d 141[A], 2011 NY Slip Op 52201[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Washington v Palanzo, 192 Misc 2d 577, 580 [App Term, 2d Dept, 9th & 10th Jud Dists 2002]), thus waiving the objection (see 155 Realty, LLC v Mottola, 48 Misc 3d 133[A], 2015 NY Slip Op 51069[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). 
However, tenant was entitled to vacatur of the default final judgment on her alternate ground of excusable default (see CPLR 5015 [a] [1]). A party seeking to vacate, pursuant to CPLR 5015 (a) (1), a default judgment entered against that party is required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Nationstar Mtge., LLC v McLean, 140 AD3d 1131, 1132 [2016]; Santiago v New York City Health & Hosps. Corp., 10 AD3d 393, 394 [2004]; 136-76 39th Ave., LLC v Ai Ping Wu, 55 Misc 3d 128[A], 2017 NY Slip Op 50363[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877 [2005]; see Bank of NY Mellon v Faragalla, 174 AD3d 677, 678 [2019]). 
Here, tenant explained her default in answering the petition by alleging, in an affidavit, that her daughter, upon whom the notice of petition and petition had purportedly been personally served, had never informed her about the papers and that she had not received any notice regarding the instant proceeding via mail because landlord did not provide her with a key to her mailbox. In addition, tenant expeditiously moved to vacate the default final judgment (see Ferreira v Singh, 176 AD3d 782 [2019]), and there is no evidence that landlord was prejudiced by the delay or that tenant's default was willful (see Kramarenko v New York Community Hosp., 134 AD3d 770, 772 [2015]; Brinson v Pod, 129 AD3d 1005, 1009 [2015]). Furthermore, tenant established a potentially meritorious defense of laches.[FN1]
Landlord did not commence this proceeding until approximately 14 months after tenant had allegedly failed to pay the rent, and tenant made a sufficient showing of prejudice arising from landlord's delay in instituting the proceeding by asserting that she had no notice of any arrears and that she would be unable to pay the arrears without the assistance of the Department of Social Services, which would pay only six [*3]months of arrears (see 600 Hylan Assoc. v Polshak, 17 Misc 3d 134[A], 2007 NY Slip Op 52225[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; 1560-80 Pelham Pkwy. Assoc. v Errico, 177 Misc 2d 947, 948 [App Term, 1st Dept 1998]). Therefore, and in light of the public policy in favor of resolving cases on the merits (see e.g. White v Diallo, 156 AD3d 664, 665 [2017]), the City Court should have granted tenant's motion to vacate the default final judgment.

In any event, the default final judgment entered against tenant cannot stand. It is elementary that a nonpayment proceeding can be maintained only where there is an existing landlord-tenant relationship between the parties (see e.g. Putnam Realty Assoc., LLC v Piggot, 44 Misc 3d 141[A], 2014 NY Slip Op 51306[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Strand Hill Assoc. v Gassenbauer, 41 Misc 3d 53, 54 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; 265 Realty, LLC v Trec, 39 Misc 3d 150[A], 2013 NY Slip Op 50974[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Shahid v Carillo, 18 Misc 3d 136[A], 2008 NY Slip Op 50278[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Here, the 10-day notice purported to terminate the tenancy prior to the commencement of the nonpayment proceeding. A default final judgment may not be granted on such facially insufficient papers (see Merrbill Holdings, LLC v Toscano, 59 Misc 3d 129[A], 2018 NY Slip Op 50410[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Martine Assoc. LLC v Minck, 5 Misc 3d 61 [App Term, 2d Dept, 9th & 10th Jud Dists 2004]; Kentpark Realty Corp. v Lasertone Corp., 3 Misc 3d 28 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]). As the defect is not amendable, we find, upon a review of the pleadings and papers (see CPLR 409 [b]), that the petition must be dismissed (see Parkview Apts. Corp. v Pryce, 58 Misc 3d 155[A], 2018 NY Slip Op 50187[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Kings Highway Realty Corp. v Riley, 35 Misc 3d 127[A], 2012 NY Slip Op 50572[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).

Accordingly, the order, insofar as appealed from, is reversed, tenant's motion to vacate the default final judgment is granted, and the petition is dismissed.

TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: January 30, 2020



Footnotes

Footnote 1: The City Court's reliance on Peoples Commercial Bank v Greene Distrib. (149 AD2d 774 [1989]) in holding that tenant waived the defense of laches was misplaced, as that case involved a situation where the defense of laches was raised for the first time on appeal (see id. at 775).