■ In the Matter of OAK ISLAND BEACH ASSOCIATION, INC., et al., Petitioners, v ROBERT F. FLACKE, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Environmental Conservation, dated September 4, 1981, which granted the application of respondent Oak Beach Inn Corporation for a permit to extend and widen an existing pier appurtenant and adjacent to its premises at Oak Beach, Suffolk County, New York, and extending it into Fire Island Inlet. Proceeding dismissed, without costs or disbursements. Pursuant to section 25-0404 of the Environmental Conservation Law and the regulations promulgated thereunder (6 NYCRR 661.36), judicial review of the commissioner's order must be sought "within thirty days from the date of the commissioner's order." The commissioner's order is dated September 4, 1981; thus, this proceeding commenced on December 31, 1981 is untimely. Petitioners' claim that the 30-day period has not yet begun to run because service of the order was only made upon their attorney is without merit. While, by regulation (6 NYCRR 661.19), the commissioner has provided that a copy of any order is to be mailed or delivered immediately following the decision to each party in interest and to the attorney of record, the limitations period commences from the date of the order and not the date of service. Hence the date of service is irrelevant (cf. *Matter of Fiedelman v New York State Dept. of Health,* 58 NY2d 80). Moreover, the attorney representing the petitioners at the administrative proceeding supplied only his address and was adamant about his authority to represent them. Under such circumstances, service upon the attorney must be deemed constructive service upon the petitioners (cf. *Dobkin v Chapman,* 21 NY2d 490). Mollen, P. J., Titone, Bracken and Brown, JJ., concur.

■ In the Matter of MOYA RABOY, Petitioner, v NATHAN S. KLINE, as Director of the Rockland Research Institute, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination by respondent Rockland Research Institute dated December 7, 1981, which terminated petitioner's employment. Matter remitted to the Supreme Court, Rockland County, to hear and report in accordance herewith; in the interim the proceeding will be held in abeyance. The report shall be filed with all convenient speed. In view of the directly conflicting affidavits of the parties with regard to whether respondent Rockland Research Institute offered petitioner a position in conformity with the grievance appeals board's directive that she be permitted to work in an area other than the shop/shipping and receiving area pending the completion of renovations to that area, we remit for a hearing on that issue. Damiani, J. P., Thompson, Bracken and Rubin, JJ., concur.