■ In the Matter of PAUL PALMIERI, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [819 NYS2d 76]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation that an on-site inspection of the wetlands and adjacent areas on the petitioner's property was reasonably necessary for the review of his application for a permit to extend his dock pursuant to Environmental Conservation Law articles 15 and 25, and that his application was denied unless and until he allowed the inspection, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Baisley, J.), dated January 5, 2005, as granted that branch of the respondent's motion which was to dismiss the petition as time-barred, denied that branch of his cross motion which was for leave to extend the time to personally serve the respondent, and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

Contrary to the petitioner's contention, the Supreme Court properly dismissed the petition as time-barred. The Supreme Court correctly applied the 30-day limitations period in ECL 25-0404 and held that the petition, filed 57 days after the determination of the Commissioner of the New York State Department of Environmental Conservation (hereinafter the DEC), was untimely (*see Matter of Oak Is. Beach Assn. v Flacke*, 96 AD2d 841 [1983]).

Furthermore, the petitioner offered no good cause for his

delay in serving the DEC, and that branch of his cross motion which was for leave to extend the time for service was made over three months after his first attempt at service. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the cross motion (*see Matter of Saltzman v Board of Appeals of Vil. of Roslyn*, 26 AD3d 505, 506 [2006]; *Colon v Bailey*, 26 AD3d 454, 455-456 [2006]).

In light of our determination, we need not reach the petitioner's remaining contention. Florio, J.P., Crane, Ritter and Fisher, JJ., concur.