Second Department, April, 2012

(April 3, 2012)

■ Maria Canales Agudo, Appellant, v Gloria Zhinin, Defendant, and Dana Kosits et al., Respondents. [941 NYS2d 262]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered April 20, 2011, as, in effect, denied her cross motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon the defendants Dana Kosits and Lisa Kosits.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion by, in effect, denying the plaintiff's cross motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon the defendants Dana Kosits and Lisa Kosits (hereinafter together the defendants). The plaintiff did not show good cause for failing to properly effect service of the summons and complaint on the defendants in the first place (*see* CPLR 306-b; *Khodeeva v Chi Chung Yip*, 84 AD3d 1030, 1030-1031 [2011]; *Matter of Palmieri v New York State Dept. of Envtl. Conservation*, 31 AD3d 647, 647-648 [2006], *cert denied* 550 US 903 [2007]; *cf. McSorley v Spear*, 50 AD3d 652 [2008]). In addition, the plaintiff did not establish that the interest of justice would be served by extending the time to effect proper service. "The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]; *see Colon v Bailey*, 26 AD3d 454, 455-456 [2006]). Here, the plaintiff's failure, in particular, to make any attempt to demonstrate that her claim was meritorious warranted denial of her cross motion (*see Colon v Bailey*, 26 AD3d at 456). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.