■ QING DONG, Respondent-Appellant, v CHEN MAO KAO, Appellant-Respondent, and EDWARD W. DICKMAN, Respondent, et al., Defendants. [982 NYS2d 152]—

In an action, inter alia, to recover damages for legal malpractice, the defendant Chen Mao Kao appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered September 24, 2012, as denied that branch of his cross motion which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against him, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted the motion of the defendant Edward W. Dickman for summary judgment dismissing the complaint insofar as asserted against him and denied her cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants Chen Mao Kao and Edward W. Dickman, nunc pro tunc.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendant Chen Mao Kao, and one bill of costs to the defendant Edward W. Dickman payable by the plaintiff.

On July 8, 2011, the plaintiff commenced this action against the defendants Chen Mao Kao and Edward W. Dickman, among others. On November 4, 2011, the plaintiff's attorney delivered the summons and complaint to persons of suitable age and discretion at the actual places of business of Chen Mao Kao and Dickman. On November 23, 2011, the plaintiff's attorney mailed additional copies of the summons and complaint to Chen Mao Kao and Dickman at the same addresses. Chen Mao Kao served an answer dated November 18, 2011, asserting lack of personal jurisdiction as an affirmative defense. On January 11, 2012, Dickman filed an answer asserting lack of personal jurisdiction as an affirmative defense. By notice of motion dated March 6, 2012, Dickman moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that service of the summons and complaint upon him was not

completed within 120 days of the commencement of the action as required by CPLR 306-b. The plaintiff cross-moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Chen Mao Kao and Dickman, nunc pro tunc, in the interest of justice. By notice of cross motion dated May 25, 2012, Chen Mao Kao cross-moved, inter alia, pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against him on the ground that service of the summons and complaint upon him was not completed within 120 days of the commencement of the action.

Contrary to the plaintiff's contention, service of the summons and complaint upon Chen Mao Kao and Dickman was not made within 120 days of the commencement of the action as required by CPLR 306-b. Although the summons and complaint were delivered to persons of suitable age and discretion at the actual places of business of those defendants on November 4, 2011, one day before the expiration of the 120-day period, service was not completed within that time frame because the second act required by CPLR 308 (2), the mailing, was not performed within the 120-day period (*see Furey v Milgrom*, 44 AD2d 91, 92-93 [1974]; *see also* Siegel, NY Prac § 72 at 120 [5th ed 2011]). Also contrary to the plaintiff's contention, considering all of the circumstances of this case, the Supreme Court providently exercised its discretion in denying her cross motion to extend the time to serve the summons and complaint upon Chen Mao Kao and Dickman, nunc pro tunc, in the interest of justice (*see* CPLR 306-b; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]; *Khodeeva v Chi Chung Yip*, 84 AD3d 1030, 1030-1031 [2011]; *Calloway v Wells*, 79 AD3d 786, 786-787 [2010]). Accordingly, the Supreme Court properly granted Dickman's motion, and properly denied the plaintiff's cross motion.

The Supreme Court also properly denied that branch of Chen Mao Kao's cross motion which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against him. Chen Mao Kao waived his objection that he was not timely served with the summons and complaint by failing to move for judgment on that ground within 60 days after serving his answer (*see* CPLR 3211 [e]). Balkin, J.P., Chambers, Lott and Hinds-Radix, JJ., concur.