██ Mirna Navarrete, Appellant, v Metro PCS, Defendant, and Rave PCS of Bay Ridge 142, Respondent. [27 NYS3d 397]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated November 20, 2014, which denied her motion to vacate an order of the same court dated June 19, 2014, granting the motion of the defendant Rave PCS of Bay Ridge 142 pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against it and denied her cross motion pursuant to CPLR 306-b to extend her time to serve the defendants with process, upon her failure to appear at oral argument.

Ordered that the order dated November 20, 2014 is affirmed, with costs.

To vacate the order dated June 19, 2014, which was entered upon the plaintiff's failure to appear at oral argument, the plaintiff was required to demonstrate a reasonable excuse for her default and a potentially meritorious opposition to the respondent's motion (*see* CPLR 5015 [a] [1]; *Kramarenko v New York Community Hosp.*, 134 AD3d 770 [2015]; *Brinson v Pod*, 129 AD3d 1005, 1008 [2015]; *Cohen v Romanoff*, 83 AD3d 989 [2011]). Even if the plaintiff's failure to appear at oral argument in opposition to the respondent's motion and in support of her own cross motion was due to excusable law office failure (*see* CPLR 2005; *Brinson v Pod*, 129 AD3d 1005 [2015]; *Rocco v Family Foot Ctr.*, 94 AD3d 1077, 1079 [2012]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]; *Parker v City of New York*, 272 AD2d 310, 311 [2000]), the plaintiff failed to demonstrate that she had a potentially meritorious opposition to the respondent's motion to dismiss the complaint insofar as asserted against it. It is undisputed that the plaintiff made no attempt to effect service within 120 days after filing the summons and complaint, which was necessary to establish good cause under CPLR 306-b (*see DeLorenzo v Gabbino Pizza Corp.*, 83 AD3d 992, 993 [2011]; *Valentin v Zaltsman*, 39 AD3d 852 [2007]; *Riccio v Ghulam*, 29 AD3d 558, 560 [2006]; *Winter v Irizarry*, 300 AD2d 472, 473 [2002]).

Moreover, the plaintiff failed to demonstrate that an extension of time was warranted in the interest of justice, since she exhibited an extreme lack of diligence in commencing the action, which was not commenced until the day of the expiration of the statute of limitations, failed to seek an extension of time until more than 2½ months after the respondent moved to dismiss for lack of timely service, and did not show the existence of a potentially meritorious cause of action through any competent evidence (*see Agudo v Zhinin*, 94 AD3d 680, 681 [2012]; *Bahadur v New York State Dept. of Correctional Servs.*, 88 AD3d 629, 630 [2011]; *Khodeeva v Chi Chung Yip*, 84 AD3d 1030, 1031 [2011]; *Calloway v Wells*, 79 AD3d 786, 787 [2010]). Accordingly, the plaintiff's motion to vacate the order dated June 19, 2014 was properly denied. Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.