■ JULIET BROWN, Appellant, v PAULETTE F. SANDERS, Also Known as PAULETTA F. SANDERS, et al., Defendants, and BRAUNER BARON ROSENWEIG AND KLEIN et al., Respondents. [37 NYS3d 444]—

In an action, inter alia, to recover damages for conversion and legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated March 28, 2014, as granted that branch of the motion of the defendants Brauner Baron Rosenweig and Klein and David Brauner which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and denied her cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint on those defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court did not acquire personal jurisdiction over the defendants Brauner Baron Rosenweig and Klein and David Brauner (hereinafter together the Brauner defendants) when they first appeared by pre-answer motion in this action approximately one year after the action was commenced, since an objection to personal jurisdiction pursuant to CPLR 3211 (a) (8) was asserted in their motion (*see* CPLR 320 [b]; 3211 [e]; *Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 140 [1986]; *cf. Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d 983, 984 [2010]). Furthermore, the court properly granted that branch of the Brauner defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, since it is undisputed that service upon the Brauner defendants was not made within 120 days after the filing of the summons and complaint (*see* CPLR 306-b).

The Supreme Court also providently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint on the

Brauner defendants. The plaintiff failed to demonstrate that she exercised reasonably diligent efforts in attempting to effect proper service of process on the Brauner defendants and, thus, did not establish good cause (*see Moundrakis v Dellis*, 96 AD3d 1026, 1027 [2012]). Further, the plaintiff failed to demonstrate that an extension of time was warranted in the interest of justice. The plaintiff exhibited a lack of diligence in commencing the action, and failed to establish a potentially meritorious cause of action (*see Navarrete v Metro PCS*, 137 AD3d 1230, 1231 [2016]; *Agudo v Zhinin*, 94 AD3d 680, 681 [2012]). Rivera, J.P., Leventhal, Hinds-Radix and Brathwaite Nelson, JJ., concur.