■ NICOLE KRASA, Respondent, v DIAL 7 CAR & LIMOUSINE SERVICE, INC., et al., Appellants, et al., Defendants. [46 NYS3d 196]—

In an action to recover damages for personal injuries, the defendants Dial 7 Car & Limousine Service, Inc., and Eitan Chandally appeal from an order of the Supreme Court, Queens County (Lane, J.), entered September 16, 2014, which denied their motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and granted the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon them.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the motion of the defendants

Dial 7 Car & Limousine Service, Inc., and Eitan Chandally pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction is granted, and the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon those defendants is denied.

The motion of the defendants Dial 7 Car & Limousine Service, Inc., and Eitan Chandally (hereinafter together the defendants) pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction should have been granted. The defendants were not properly served by mail pursuant to CPLR 312-a, since it is undisputed that the plaintiff failed to send, inter alia, copies of acknowledgments of receipt in the form set forth in CPLR 312-a (d) to the defendants, and there is no evidence that any acknowledgment was completed and mailed or delivered to her attorney (*see* CPLR 312-a [b]; *Castillo v JFK Medport, Inc.*, 116 AD3d 899, 900 [2014]; *Klein v Educational Loan Servicing, LLC*, 71 AD3d 957, 958 [2010]; *Bennett v Acosta*, 68 AD3d 910, 911 [2009]; *Horseman Antiques, Inc. v Huch*, 50 AD3d 963, 964 [2008]). Furthermore, it is undisputed that service upon the defendants was not made within 120 days after the filing of the summons and complaint (*see* CPLR 306-b; *Brown v Sanders*, 142 AD3d 940 [2016]).

The plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve the summons and compliant upon the defendants should have been denied. The plaintiff failed to show good cause for her failure to serve the defendants, since she admittedly made no attempt to serve them within 120 days after the filing of the summons and complaint (*see Ambrosio v Simonovsky*, 62 AD3d 634 [2009]; *Valentin v Zaltsman*, 39 AD3d 852 [2007]; *Riccio v Ghulam*, 29 AD3d 558, 560 [2006]). Furthermore, the plaintiff failed to establish that an extension of time was warranted in the interest of justice. The plaintiff exhibited an extreme lack of diligence in commencing the action, which was not commenced until one day before the expiration of the statute of limitations, made a single attempt to effect service two months after the expiration of the 120-day period set forth in CPLR 306-b, failed to seek an extension of time until after the defendants moved to dismiss the complaint for lack of personal jurisdiction, failed to offer any excuse for the delay in serving the defendants, and failed to demonstrate a potentially meritorious cause of action (*see Brown v Sanders*, 142 AD3d 940 [2016]; *Navarrete v Metro PCS*, 137 AD3d 1230, 1231 [2016]; *Bahadur v New York State Dept. of Correctional*

*Servs.,* 88 AD3d 629, 630 [2011]; *Khodeeva v Chi Chung Yip,* 84 AD3d 1030, 1031 [2011]; *Varon v Maimonides Med. Ctr.,* 67 AD3d 779 [2009]; *Ambrosio v Simonovsky,* 62 AD3d 634 [2009]; *Valentin v Zaltsman,* 39 AD3d 852 [2007]; *American Tel. & Tel. Co. v Schnabel Found. Co.,* 38 AD3d 580 [2007]). Chambers, J.P., Maltese, Barros and Connolly, JJ., concur.