LISA PURZAK, Appellant, v LONG ISLAND HOUSING SERVICES, INC., et al., Respondents, et al., Defendants. [53 NYS3d 112]—

In an action to recover damages for intentional infliction of emotional distress, defamation, assault and battery, and fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered June 1, 2012, which granted that branch of the motion of the defendants Long Island Housing Services, Inc., Maria T. DeGennaro, Michelle Santantonio, Myrsa Bonet, and Carrie Roman which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them and, in effect, denied her request pursuant to CPLR 306-b to extend the time to serve the summons with notice upon those defendants.

Ordered that on the Court's own motion, the appeal from so much of the order as, in effect, denied the plaintiff's request pursuant to CPLR 306-b to extend the time to serve the summons with notice upon the defendants Long Island Housing Services, Inc., Maria T. DeGennaro, Michelle Santantonio, Myrsa Bonet, and Carrie Roman is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Long Island Housing Services, Inc., Maria T. DeGennaro, Michelle Santantonio, Myrsa Bonet, and Carrie Roman which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Long Island Housing Service, Inc., on the ground of lack of personal jurisdiction; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and new determination of that branch of the motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Long Island Housing Services, Inc., on the ground of lack of personal jurisdiction.

The plaintiff was terminated from employment with the defendant Long Island Housing Services, Inc. (hereinafter LIHS) on August 6, 2010. On August 5, 2011, she commenced this action by summons with notice against LIHS and four of its employees, the defendants Maria T. DeGennaro, Michelle Santantonio, Myrsa Bonet, and Carrie Roman (hereinafter collectively with LIHS, the defendants), among others. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The plaintiff opposed the defendants' motion and requested, among other things, that she be granted an extension of time pursuant to CPLR 306-b to serve the defendants. The Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and, in effect, denied the plaintiff's request pursuant to CPLR 306-b to extend the time to serve the summons with notice upon the defendants.

The Supreme Court erred in granting, without a hearing, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against LIHS on the ground of lack of personal jurisdiction. CPLR 311 (a) (1) provides that personal service upon a corpora-

tion is made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." A process server's affidavit stating that personal service was effected by delivering a copy of the summons with notice to an authorized agent, and providing a description of that person, constitutes prima facie evidence of proper service pursuant to CPLR 311 (a) (1) (*see Hayden v Southern Wine & Spirits of Upstate N.Y., Inc.*, 126 AD3d 673, 674 [2015]; *Rosario v NES Med. Servs. of N.Y., P.C.*, 105 AD3d 831, 832-833 [2013]; *C&H Import & Export, Inc. v MNA Global, Inc.*, 79 AD3d 784 [2010]; *Scarano v Scarano*, 63 AD3d 716, 716 [2009]). Where " 'there is a sworn denial of service by the defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing' " (*Rosario v NES Med. Servs. of N.Y., P.C.*, 105 AD3d at 833, quoting *Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 139 [1986]; *see Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d 763, 764 [2012]).

Here, the affidavit of the plaintiff's process server stated that, on December 2, 2011, he served the summons with notice on Ian Wilder, Esq., an attorney for LIHS and an "authorized person to accept service," and provided a description of Wilder. This affidavit constitutes prima facie evidence of proper service on LIHS pursuant to CPLR 311 (a) (1) (*see Hayden v Southern Wine & Spirits of Upstate N.Y., Inc.*, 126 AD3d at 674; *Rosario v NES Med. Servs. of N.Y., P.C.*, 105 AD3d at 833). In support of that branch of their motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against LIHS on the ground of lack of personal jurisdiction, the defendants submitted affidavits denying that Wilder was an authorized agent empowered to accept service on behalf of LIHS (*see Rosario v NES Med. Servs. of N.Y., P.C.*, 105 AD3d at 833; *Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d at 764). Contrary to the determination of the Supreme Court, the defendants' affidavits submitted in opposition do not conclusively establish that service on LIHS was improper (*see Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 272 [1980]; *Lombay v Padilla*, 70 AD3d 1010 [2010]; *Covillion v Tri State Serv. Co., Inc.*, 48 AD3d 399 [2008]). Rather, a hearing must be held at which the plaintiff will bear the burden of establishing proper service by a preponderance of the evidence (*see Rosario v NES Med. Servs. of N.Y., P.C.*, 105 AD3d at 833). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing and a new determination of that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss

the complaint insofar as asserted against LIHS on the ground of lack of personal jurisdiction.

However, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against DeGennaro, Santantonio, Bonet, and Roman for lack of personal jurisdiction. CPLR 306-b requires that service of the summons and complaint or summons with notice "shall be made within one hundred twenty days after the commencement of the action or proceeding." CPLR 308 (2) permits personal service on a natural person "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business" of the person to be served and, within 20 days thereafter, mailing a copy of the summons to the actual place of business "in an envelope bearing the legend 'personal and confidential.' " Both the delivery and mailing components of CPLR 308 (2) must be performed within 120 days of the filing of process (*see* CPLR 306-b; *Qing Dong v Chen Mao Kao*, 115 AD3d 839, 840 [2014]). Here, the affidavits of the plaintiff's process server state that he served the summons with notice on DeGennaro, Santantonio, Bonet, and Roman by delivering copies to Wilder at the LIHS office on December 2, 2011, and by mailing additional copies to those defendants at the LIHS office on December 5, 2011. December 5, 2011, is 122 days after the date of the filing of the summons with notice, and beyond the 120-day period required by CPLR 306-b. Consequently, service of the summons with notice upon the individually named defendants was untimely (*see Qing Dong v Chen Mao Kao*, 115 AD3d at 840). Moreover, as to service upon DeGennaro, Santantonio, Bonet, and Roman, the plaintiff failed to demonstrate good cause for an extension of time to effect proper service on those defendants, or that an extension was otherwise warranted in the interest of justice (*see* CPLR 306-b; *Krasa v Dial 7 Car & Limousine Serv., Inc.*, 147 AD3d 744 [2017]; *Brown v Sanders*, 142 AD3d 940 [2016]; *Navarrete v Metro PCS*, 137 AD3d 1230 [2016]; *Agudo v Zhinin*, 94 AD3d 680, 681 [2012]; *Ambrosio v Simonovsky*, 62 AD3d 634 [2009]; *Kazimierski v New York Univ.*, 18 AD3d 820 [2005]).

The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, are improperly based on matter dehors the record, or need not be reached in light of our determination. Rivera, J.P., Roman, Miller and Duffy, JJ., concur.