Wills v NYP Holdings, Inc. (2018 NY Slip Op 07348)





Wills v NYP Holdings, Inc.


2018 NY Slip Op 07348


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-09086
 (Index No. 711497/15)

[*1]Ruben Wills, appellant, 
v
NYP Holdings, Inc., et al., respondents.


Turturro Law, P.C., Brooklyn, NY (Natraj S. Bhushan of counsel), for appellant.
Davis Wright Tremaine LLP, New York, NY (Robert D. Balin and John M. Browning of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered July 19, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 306-b to dismiss the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action on May 11, 2015, by filing a summons with notice against the defendants to recover damages for defamation arising out of an article that was published in the New York Post on May 11, 2014. On September 10, 2015, the defendant NYP Holdings, Inc. (hereinafter NYP), the owner of the New York Post, was served by delivery of the summons with notice to the Secretary of State. Service on NYP took place 122 days after the filing of the summons with notice, which is beyond the 120-day period required by CPLR 306-b. The summons with notice was not served on the defendants Isabel Vincent and Melissa Klein. After the defendants served a demand for a complaint, the plaintiff filed an amended complaint on November 10, 2015. Subsequently, on February 17, 2016, the defendants moved, inter alia, pursuant to CPLR 306-b to dismiss the amended complaint for failure to effectuate service in the time frame mandated by CPLR 306-b. The plaintiff did not file a cross motion to extend the time for service; instead, he sought such relief in his opposition to the defendants' motion.
The Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 306-b to dismiss the amended complaint, finding that the plaintiff failed to timely effectuate service as required by CPLR 306-b. The plaintiff appeals.
We agree with the Supreme Court's determination to grant dismissal of the amended complaint. CPLR 306-b requires, inter alia, that service of the summons with notice "be made within [120] days after commencement of the action or proceeding." Here, the summons with notice was served on NYP via delivery to the Secretary of State 122 days after the filing of the summons with notice, which is beyond the 120-day period required by CPLR 306-b. The summons with notice was not served on Vincent and Klein (see Purzak v Long Is. Hous. Servs., Inc., 149 AD3d 989, 992; Qing Dong v Chen Mao Kao, 115 AD3d 839, 840). The plaintiff failed to demonstrate good cause [*2]for an extension of time to effect proper service on the defendants, or that an extension was otherwise warranted in the interest of justice (see CPLR 306-b; Purzak v Long Is. Hous. Servs., Inc., 149 AD3d at 992; Krasa v Dial 7 Car & Limousine Serv., Inc., 147 AD3d 744, 745; Brown v Sanders, 142 AD3d 940, 941; Navarette v Metro PCS, 137 AD3d 1230, 1231; Agudo v Zhinin, 94 AD3d 680, 681; Ambrosio v Simonovsky, 62 AD3d 634; Kazimierski v New York Univ., 18 AD3d 820; see also Cassini v Advance Publs., Inc., 125 AD3d 467, 468).
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court