Wells Fargo Bank, N.A. v Figueroa (2019 NY Slip Op 02745)





Wells Fargo Bank, N.A. v Figueroa


2019 NY Slip Op 02745


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-11303
2017-07765
 (Index No. 5884/08)

[*1]Wells Fargo Bank, N.A., appellant, 
v
Samuel Figueroa, respondent, et al., defendants.


Hinshaw & Culbertson LLP, New York, NY (Matthew C. Ferlazzo and Schuyler B. Kraus of counsel), for appellant.
E. Waters & Associates, P.C., Jamaica, NY (Edward J. Waters of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered July 27, 2016, and (2) an order of the same court entered February 1, 2017. The order entered July 27, 2016, denied the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve the defendant Samuel Figueroa with the summons and complaint. The order entered February 1, 2017, denied the plaintiff's motion pursuant to CPLR 306-b to deem late service of the summons and complaint on that defendant timely, nunc pro tunc.
ORDERED that the orders are affirmed, with one bill of costs.
In March 2008, the plaintiff commenced this action to foreclose a mortgage given by the defendant Samuel Figueroa (hereinafter the defendant) encumbering certain property located in Freeport. Following the defendant's failure to appear or answer the complaint, the Supreme Court issued an order of reference. On November 19, 2008, the court entered a judgment of foreclosure and sale.
In February 2015, the plaintiff scheduled a foreclosure sale of the property. Thereafter, the defendant moved to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. On December 14, 2015, the Supreme Court, after a hearing to determine the validity of service of process, granted the defendant's motion to dismiss the complaint insofar as asserted against him. The court also granted an oral motion made by the plaintiff at the hearing for leave to serve a new summons and complaint.
In March 2016, the plaintiff moved pursuant to CPLR 306-b for an extension of time to serve the defendant with the summons and complaint. By order entered July 27, 2016, the Supreme Court denied the motion, holding that the plaintiff failed to make a showing of good cause or that the relief sought would serve the interests of justice. On September 22, 2016, the plaintiff personally served the defendant with the summons and complaint. Thereafter, the plaintiff moved to deem service of the summons and complaint on the defendant timely, nunc pro tunc. By order [*2]entered February 1, 2017, the court denied the motion. The plaintiff appeals.
Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time within which to effect service for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104; Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). "Good cause will not exist where a plaintiff fails to make any effort at service, or fails to make at least a reasonably diligent effort at service" (Bumpus v New York City Tr. Auth., 66 AD3d at 32 [citations omitted]). "If good cause for an extension is not established, courts must consider the interest of justice' standard of CPLR 306-b" (id.). Under the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see A.K. v T.K., 150 AD3d 1091, 1093; Bumpus v New York City Tr. Auth., 66 AD3d at 32).
Here, the plaintiff, which did not present evidence of reasonably diligent efforts to serve the defendant prior to moving in March 2016, failed to establish good cause (see A.K. v T.K., 150 AD3d at 1093; Brown v Sanders, 142 AD3d 940, 941). Additionally, under the circumstances of this case, the plaintiff failed to demonstrate that an extension of time was warranted in the interest of justice (see Brown v Sanders, 142 AD3d at 941; Navarrete v Metro PCS, 137 AD3d 1230; see also Komanicky v Contractor, 146 AD3d 1042; cf. US Bank N.A. v Saintus, 153 AD3d 1380; Emigrant Bank v Estate of Robinson, 144 AD3d at 1085). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motions pursuant to CPLR 306-b.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court