Kowlessar v Darkwah (2019 NY Slip Op 03580)





Kowlessar v Darkwah


2019 NY Slip Op 03580


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-00475
 (Index No. 701282/16)

[*1]Cranston Kowlessar, appellant, 
v
Kwame Darkwah, et al., respondents.


Bisogno & Meyerson, LLP, Brooklyn, NY (Judah Z. Cohen of counsel), for appellant.
Ferro & Stenz (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered November 3, 2017. The order, insofar as appealed from, upon reargument, adhered to a determination in an order of the same court entered April 13, 2017, granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted the defendant Kwame Darkwah and denying the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon both defendants.
ORDERED that the order entered November 3, 2017, is modified, on the law, by deleting the provisions thereof, upon reargument, adhering to the determination in the order entered April 13, 2017, granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Kwame Darkwah and denying that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon that defendant, and substituting therefor a provision, upon reargument, vacating that determination in the order entered April 13, 2017; as so modified, the order entered November 3, 2017, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether the defendant Kwame Darkwah was properly served with process pursuant to CPLR 308(2), and thereafter, a new determination of that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Kwame Darkwah and that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon that defendant.
By filing a summons and complaint on February 3, 2016, the plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on March 25, 2013. The accident involved a vehicle driven by the plaintiff and a vehicle operated by the defendant Kwame Darkwah (hereinafter Kwame) and owned by the defendant D'Koti Darkwah (hereinafter D'Koti). In an affidavit of service, the plaintiff's process server averred that he served Kwame with the summons and complaint by delivering them to a person of suitable age and discretion at Kwame's residence, an apartment in Queens. The affidavit stated that an additional copy of the papers was mailed to Kwame's apartment. In a separate [*2]affidavit, the plaintiff's process server averred that he served D'Koti, a resident of Florida, with the summons and complaint in the manner prescribed under Vehicle and Traffic Law § 253(2).
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground that another action was pending between the same parties and due to lack of personal jurisdiction based upon improper service. The plaintiff opposed the defendants' motion and cross-moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants in the event that the Supreme Court were to determine that service had been improper. In an order entered April 13, 2017, the court granted the defendants' motion pursuant to CPLR 3211(a) based on the fact that there was a pending prior action between the parties when the plaintiff commenced this action. The court denied the cross motion.
The plaintiff thereafter moved for leave to reargue his opposition to the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, and his cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants. In an order entered November 3, 2017, the Supreme Court granted leave to reargue. Upon reargument, the court nevertheless, and without conducting a hearing, adhered to its original determination, albeit on the ground that the service of the summons and complaint upon the defendants was improper. The plaintiff appeals from so much of the order entered November 3, 2017, as, upon reargument, adhered to the prior determination granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Kwame and denying the cross motion pursuant to CPLR 306-b to extend the time to serve process.
Upon reargument, the Supreme Court should not have adhered, on the ground of improper service, to its prior determination granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Kwame without first conducting a hearing. "A process server's affidavit of service gives rise to a presumption of proper service" (Machovec v Svoboda, 120 AD3d 772, 773; see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776). "A sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 776-777; see Citibank, N.A. v Balsamo, 144 AD3d 964, 964; Machovec v Svoboda, 120 AD3d at 773-774). " If the presumption is rebutted, a hearing to determine the propriety of service of process is necessary'" (Mizerek v Rosenfeld, 162 AD3d 1005, 1007, quoting Machovec v Svoboda, 120 AD3d at 773).
Here, the plaintiff's affidavit of service constituted prima facie proof of proper service pursuant to CPLR 308(2) upon Kwame (see Fuentes v Espinal, 153 AD3d 500, 501). The process server averred, inter alia, that on May 21, 2016, at 2:29 p.m., he delivered a copy of the summons and complaint at Kwame's residence in Queens to Kwame's "Co-Tennant [sic]," who refused to give his name and whose appearance was described as male, black skin, black hair, 36 to 50 years old, 5'9" to 6'0" in height, and weighing 161 to 200 pounds.
The defendants rebutted the presumption of proper service arising from the process server's affidavit through Kwame's specific averments that, while he resided at the address where the process server delivered and mailed the summons and complaint, he lived alone, his building did not have a doorman, he was not home when service was allegedly made, and he did not have any guests or workers at his apartment during that time. In addition, Kwame stated that he discovered the summons and complaint affixed to his door when he returned home on May 21, 2016, from a ceremony in the Bronx. The defendants also submitted Kwame's Uber receipts, showing that he was charged for a trip from his apartment to the Bronx on May 21, 2016, leaving at 9:45 a.m., and a return trip which started at 3:49 p.m. and ended at 4:22 p.m. that day.
Contrary to the determination of the Supreme Court, the defendants' evidence did not conclusively establish that service upon Kwame was improper under CPLR 308(2). Rather, the conflicting sworn statements of the process server and Kwame about whether a person of suitable age and discretion lived at or was otherwise present at Kwame's home at the time of the purported service presented issues of credibility necessitating a hearing (see Fuentes v Espinal, 153 AD3d at [*3]500; Purzak v Long Is. Hous. Servs., Inc., 149 AD3d 989, 990-991). Consequently, the matter must be remitted to the Supreme Court, Queens County, for a hearing to determine whether Kwame was properly served with process pursuant to CPLR 308(2), and thereafter, a new determination of that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Kwame and that branch of the plaintiff's cross motion which to extend the time to serve the summons and complaint upon that defendant.
However, the Supreme Court, upon reargument, providently exercised its discretion in adhering to its original determination denying that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon D'Koti. " An extension of time for service is a matter within the court's discretion'" (Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 743, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101). "Such a motion may be granted upon good cause shown or in the interest of justice'" (Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 743, quoting CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104-105). " To establish the requisite good cause, reasonable diligence in attempting service must be shown, but the interest of justice is a broader standard, which does not require a showing of good cause, and permits the court to consider many factors'" (Hourie v North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp., 150 AD3d 707, 708, quoting Spath v Zack, 36 AD3d 410, 413). "When deciding whether to grant an extension of time to serve a summons and complaint in the interest of justice, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the [potentially] meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (Furze v Stapen, 161 AD3d 827, 828, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
Here, pursuant to CPLR 306-b, the plaintiff had until June 3, 2016, to serve D'Koti with process. However, according to an affidavit of service with respect to D'Koti, the plaintiff did not serve the Secretary of State, as D'Koti's agent, with the summons and complaint and mail a copy of same to D'Koti at his Florida address by certified mail, return receipt requested, until May 27, 2016, 114 days after the plaintiff had filed his summons and complaint in this action and 63 days after the expiration of the statute of limitations.
According to Vehicle and Traffic Law § 253(2), service of process upon a nonresident, inter alia, due to the use or operation in this state of his or her vehicle with permission, is complete when an affidavit of compliance with that section, a copy of the summons and complaint, and either a return receipt signed by the defendant or a person qualified to receive his or her certified or registered mail, or if acceptance was refused or unclaimed, a copy of the original envelope bearing such a notation by the postal authorities and an affidavit that process was sent again by ordinary mail, plus proof of mailing certificate of ordinary mail, are filed. Here, the plaintiff did not file such papers by June 3, 2016. Although the plaintiff provided an affidavit of compliance purporting to comply with Vehicle and Traffic Law § 253, it was sworn to on June 7, 2016, subsequent to the date by which service of process was to have been completed. Moreover, the process server failed to provide a proof of mailing certificate from the postal authorities despite claiming that the certificate was annexed. Only after the defendants moved to dismiss the complaint by notice of motion dated June 30, 2016, did the plaintiff on July 7, 2016, provide proof that an additional copy of the summons and complaint was sent to D'Koti by ordinary mail on July 5, 2016, and file an affidavit of compliance with proof of such mailing and the original unclaimed envelope attached.
The plaintiff failed to demonstrate that he exercised reasonably diligent efforts in attempting to effect proper service upon D'Koti and, thus, did not establish "good cause" (CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104; Rodriguez v Consolidated Edison Co. of N.Y., Inc., 163 AD3d 734, 735-736). The plaintiff waited until only six days before the deadline to complete service upon D'Koti and unreasonably chose a method of service that was not likely to be completed in time (see Vehicle and Traffic Law § 253[2]). Furthermore, the Supreme Court did not improvidently exercise its discretion in determining that the plaintiff was not [*4]entitled to an extension "in the interest of justice" (CPLR 306-b; see Holbeck v Sosa-Berrios, 161 AD3d 957, 958-959; Krasa v Dial 7 Car & Limousine Serv., Inc., 147 AD3d 744, 745; Agudo v Zhinin, 94 AD3d 680, 681). The plaintiff failed to seek an extension of time pursuant to CPLR 306-b until after the defendants moved to dismiss the complaint (see Krasa v Dial 7 Car & Limousine Serv., Inc., 147 AD3d at 745; Bahadur v New York State Dept. of Correctional Servs., 88 AD3d 629, 630). Moreover, the plaintiff made no showing that his cause of action had merit, since he did not submit an affidavit of merit, a personally verified complaint, or any sworn statement or certified records bearing on the seriousness of his injuries in support of his cross motion (see Holbeck v Sosa-Berrios, 161 AD3d at 958-959; Krasa v Dial 7 Car & Limousine Serv., Inc., 147 AD3d at 745; Agudo v Zhinin, 94 AD3d at 681).
Accordingly, we agree with the Supreme Court's determination, upon reargument, adhering to its original determination denying that branch of the plaintiff's cross motion which was to extend the time to serve the summons and complaint upon D'Koti.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court