Butters v Payne (2019 NY Slip Op 07564)





Butters v Payne


2019 NY Slip Op 07564


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2018-09851
 (Index No. 704321/16)

[*1]Julianne Butters, appellant, 
v
Tracey Payne, et al., respondents.


The Felicetti Law Firm, P.C., Bronx, NY (Scott A. Felicetti of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered June 9, 2017. The order denied the plaintiff's motion pursuant to CPLR 306-b to extend the time for service of the summons and complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff allegedly was injured in a motor vehicle accident that occurred on April 9, 2013. The plaintiff alleged, inter alia, that while she was operating her vehicle and stopped at a traffic light, a vehicle operated by the defendant Tracey Payne and owned by the defendant Charles D. Payne struck the rear of her vehicle.
The plaintiff filed the summons and complaint with the Supreme Court on or about April 11, 2016. Thereafter, the plaintiff did not serve the defendants, nor attempt service. On or about April 7, 2017, the plaintiff moved pursuant to CPLR 306-b to extend the time for service of the summons and complaint. The Supreme Court denied the motion, and the plaintiff appeals.
" An extension of time for service is a matter within the court's discretion'" (Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 743, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101). "Such a motion may be granted upon good cause shown or in the interest of justice'" (Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 743, quoting CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104-105). " To establish the requisite good cause, reasonable diligence in attempting service must be shown, but the interest of justice is a broader standard, which does not require a showing of good cause, and permits the court to consider many factors'" (Hourie v North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp., 150 AD3d 707, 708, quoting Spath v Zack, 36 AD3d 410, 413).
Here, the plaintiff did not exercise reasonable diligence in attempting service, as she admittedly made no attempt to serve the defendants within 120 days after the filing of the summons and complaint, as she acknowledges (see Krasa v Dial 7 Car & Limousine Serv., Inc., 147 AD3d 744, 745; Ambrosio v Simonovsky, 62 AD3d 634; Valentin v Zaltsman, 39 AD3d 852).
Further, the plaintiff did not establish that an extension of time was warranted in the interest of justice. "When deciding whether to grant an extension of time to serve a summons and [*2]complaint in the interest of justice, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the [potentially] meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (Furze v Stapen, 161 AD3d 827, 828, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
Here, the plaintiff exhibited an extreme lack of diligence in commencing the action: the summons and complaint was not filed until the day of expiration of the statute of limitations (see CPLR 214[5]; General Construction Law § 25-a[1]). The plaintiff made no effort to serve the summons and complaint within or after the expiration of the 120-day period set forth in CPLR 306-b, failed to seek an extension of time for service until nearly one year after the filing of the summons and complaint, and failed to offer a reasonable excuse for the delay. Further, the plaintiff failed to demonstrate a potentially meritorious cause of action inasmuch as she failed to submit competent medical evidence demonstrating that she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject automobile accident (see Lee v Barnett, 134 AD3d 908, 910; Dai Mang Kim v Hwak Yung Kim, 118 AD3d 661, 662; Gagnon v Campbell, 86 AD3d 623, 624; see also Holbeck v Sosa-Berrios, 161 AD3d 957, 958). Furthermore, the defendants clearly suffered prejudice from the plaintiff's extreme lack of diligence and long delays (see Slate v Schiavone Constr. Co., 4 NY3d 816, 817; Encarnacion v Ogunro, 162 AD3d 981, 983; Hourie v North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp., 150 AD3d at 709).
Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for an extension of time for service of process (see Krasa v Dial 7 Car & Limousine Serv., Inc., 147 AD3d at 745-746; Brown v Sanders, 142 AD3d 940, 940-941; Navarrete v Metro PCS, 137 AD3d 1230, 1231).
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court