## PDM Capital, LLC v Petal Artist L.L.C.

2024 NY Slip Op 30928(U)

March 20, 2024

Supreme Court, New York County

Docket Number: Index No. 157110/2023

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. LOUIS L. NOCK** | PART | 38M |
| | *Justice* | | |

---------------------------------------------------------------------------X

PDM CAPITAL, LLC,

                         Plaintiff,

                    - v -

PETAL ARTIST L.L.C., d/b/a ZUZU'S PETALS AND
GIFTS/PETAL ARTIST, and CINDY R.  STEVENSON,

                         Defendants.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157110/2023 |
| MOTION DATE | 11/27/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 15, 16, 17, 18, 19, 20, 21, and 22

were read on this motion for             DEFAULT JUDGMENT        .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, plaintiff's motion seeking entry of a default judgment is granted in part, on default and without opposition, and for the reasons stated in the motion, as follows.

**Background**

In this action, plaintiff PDM Capital, LLC asserts claims for breach of contract and breach of a personal guarantee against Petal Artist L.L.C., d/b/a Zuzu's Petals and Gifts/Petal Artist (referred to collectively as the "Corporate Defendant"), and Cindy R. Stevenson (the "Guarantor") (Corporate Defendant and Guarantor, collectively, the "Defendants") (summons and complaint, NYSCEF Doc. No. 1, ¶¶ 15-24).  On December 13, 2022, plaintiff agreed to purchase rights to Corporate Defendant's future receivables pursuant to a "Future Receivable Sales Agreement" (the "Agreement"), which was guaranteed by Guarantor under a "Security Agreement & Guaranty" (merchant agreement, NYSCEF Doc. No. 2).  As more fully set forth in

**157110/2023   PDM CAPITAL, LLC vs. PETAL ARTIST L.L.C. ET AL**
**Motion No.  001**

**Page 1 of 5**

1 of 5

[* 1]

the complaint, which was verified by Abraham Cohen, plaintiff's authorized representative, after initially meeting its obligations under the Agreement, Corporate Defendant breached the Agreement by failing to remit to plaintiff a percentage of Corporate Defendant's receivables (NYSCEF Doc. No. 1, ¶¶ 9-14; payment history, NYSCEF Doc. No. 12). A principal balance of $82,010.00, plus cost and disbursements in the amount of $455.00, remains due and owing to plaintiff (NYSCEF Doc. No. 1, ¶¶ 20, 24; Bouskila aff., NYSCEF Doc. No. 16, ¶ 16).

Plaintiff commenced this action on July 14, 2023 (NYSCEF Doc. No. 1). Affidavits of service, regular on their face, attest to service pursuant to Business Corporation Law § 306(b) on Corporate Defendant by service on the Secretary of State on July 26, 2023 (NYSCEF Doc. No. 4, 5). However, as further discussed below, plaintiff served Guarantor pursuant to CPLR 308(2) by delivery on March 21, 2023, and by mailing on March 24, 2023, prior to filing the summons and complaint (NYSCEF Doc. No. 6). Otherwise, an affirmation of additional service filed in support of the motion attests to the requisite additional mailing on all Defendants pursuant to CPLR 3215(g)(3)(i) and (4)(i) on November 13, 2023, more than twenty days in advance of entry of judgment (Bouskila aff. of service, NYSCEF Doc. No. 23). Defendants' time to respond to the complaint has expired, and they have neither appeared nor answered the complaint. Moreover, there is no opposition to the motion.

**Standard of Review**

A plaintiff that seeks entry of a default judgment for a defendant's failure to answer must submit proof of service of the summons and complaint upon the defendant, proof of the facts constituting the claim, and proof of the defendant's default (CPLR 3215[f]). "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Feffer v Malpeso*, 210 AD2d 60, 61 [1st Dept 1994]). "[D]efaulters are deemed to have admitted all

**157110/2023  PDM CAPITAL, LLC vs. PETAL ARTIST L.L.C. ET AL**
**Motion No.  001**

**Page 2 of 5**

2 of 5

factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). Nevertheless, "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the *prima facie* validity of the uncontested cause of action" (*Guzetti v City of New York*, 32 AD3d 234, 235 [1st Dept 2006] [internal quotations and citations omitted]).

**Discussion**

The motion is denied as to defendant Guarantor due to defective service of process. Pursuant to CPLR 304(a), a civil action is commenced "by filing a summons and complaint or summons with notice," and service of such papers must be made "within one hundred twenty days after the commencement of the action" (CPLR 306-b). Dismissal of the complaint is appropriate where "service of the summons and complaint . . . [is] not made within 120 days of the commencement of the action as required by CPLR 306–b" (*Qing Dong v. Chen Mao Kao*, 115 A.D.3d 839, 840 [2014]). Here, plaintiff prematurely served defendant Guarantor by delivery on March 21, 2023, and by mailing on March 24, 2023, prior to commencing the action by filing the summons and complaint on July 14, 2023. Thus, after commencement of the action, plaintiff failed to serve Guarantor, warranting dismissal of the action against Guarantor for lack of personal jurisdiction.

As to Corporate Defendant, plaintiff has satisfied its burden on the motion by submission of the affidavits of service on said defendant (NYSCEF Doc. Nos. 4, 5) and the affirmation of additional mailing on said defendant (NYSCEF Doc. No. 23), the affirmation of plaintiff's counsel Ariel Bouskila, Esq., attesting to said defendant's default (NYSCEF Doc. No. 8, ¶ 11), and the verified complaint by Cohen, which attests to the facts alleged therein and the amount of

157110/2023   PDM CAPITAL, LLC vs. PETAL ARTIST L.L.C. ET AL
Motion No.  001

Page 3 of 5

plaintiff's damages (NYSCEF Doc. No. 15). Corporate Defendant has never appeared in the action, nor did it submit any opposition to the motion. The court concurs with the points raised in support of the motion and, therefore, grants the motion as to Corporate Defendant.

Accordingly, it is

ORDERED that plaintiff's motion for a default judgment is denied as against defendant Cindy R. Stevenson; and it is further

ORDERED that the complaint is dismissed as against defendant Cindy R. Stevenson; and it is further

ORDERED that plaintiff's motion for a default judgment is otherwise granted as against defendant Petal Artist L.L.C., d/b/a Zuzu's Petals and Gifts/Petal Artist; and, accordingly, it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff PDM Capital, LLC, and against defendant Petal Artist L.L.C., d/b/a Zuzu's Petals and Gifts/Petal Artist, in the principal amount of $82,465.00, with interest thereon at the statutory rate from January 1, 2023, through entry of judgment, as calculated by the Clerk, and continuing to accrue thereafter through satisfaction of judgment, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs.

**157110/2023   PDM CAPITAL, LLC vs. PETAL ARTIST L.L.C. ET AL**
  **Motion No.  001**

**Page 4 of 5**

4 of 5

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 3/20/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LOUIS L. NOCK, J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**157110/2023   PDM CAPITAL, LLC vs. PETAL ARTIST L.L.C. ET AL**
**Motion No.  001**

**Page 5 of 5**

5 of 5

[* 5]